**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13683

Non-Argument Calendar

_____

WELLS FARGO CLEARING SERVICES, LLC,

*Plaintiff-Appellee,*

*versus*

WADE ROBERTS,

*Defendant- Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-04406-VMC

_____

Before WILLIAM PRYOR, Chief Judge, and BRASHER and WILSON,
Circuit Judges.

PER CURIAM:

Wade Roberts appeals an order confirming an arbitration award in favor of his former employer, Wells Fargo Clearing Services, LLC, and denying his motion to vacate that award. He contends that the petition was deficient because it lacked a copy of the award. *See* 9 U.S.C. § 13(b). He also contends that the arbitrator erred by rejecting his defense of res judicata. Because the record establishes that the arbitrator acted within his contractual authority, we affirm the confirmation of the award. But we vacate the judgment and remand with instructions to enter a judgment that reflects the amount of the arbitration award as supplemented in the record.

## I. BACKGROUND

In an earlier appeal, we affirmed an order compelling Roberts to arbitrate his complaint against Wells Fargo for collecting the balance he owed on outstanding loans. *See Roberts v. Wells Fargo Clearing Servs., LLC*, No. 22-11049, 2022 WL 16826715, at *1 (11th Cir. Nov. 9, 2022). Roberts and Wells Fargo arbitrated that dispute before the Financial Industry Regulatory Authority, and the Authority issued an award in favor of Wells Fargo. Wells Fargo petitioned the district court to confirm the award of $1,077,225.54 and erroneously stated that it had attached a copy of the award to incorporate it by reference. 9 U.S.C. §§ 9, 13.

Roberts answered the petition, admitted that Wells Fargo attached a copy of the award, and moved to vacate it. In his motion, Roberts argued that the arbitrator exceeded his powers by ig-

noring Roberts's defense of res judicata, which was based on statements in our earlier decision that "Wells Fargo garnished Roberts's bank account to satisfy the debt," and "Wells Services had already collected the amounts outstanding on the promissory notes." Wells Fargo opposed the motion. *See* 9 U.S.C. § 10(a). It asserted that the arbitrator acted within his express authority, that Roberts waived his right to present evidence by failing to appear at the final hearing, and that his defense of res judicata misconstrued our decision, which was a jurisdictional ruling, not a merits determination.

The district court granted Wells Fargo's petition and denied Roberts's motion. It ruled that the arbitrator acted within his contractual authority because the promissory notes between Wells Fargo and Roberts permitted him to resolve disputes regarding the debt owed to Wells Fargo. It rejected Roberts's defense of res judicata and explained that our earlier decision was a jurisdictional ruling, not a merits determination. And it concluded that because the arbitrator was "arguably construing the contract," no valid grounds for vacatur existed. The district court confirmed the award and entered judgment in favor of Wells Fargo for $1,077,225.54.

On appeal, Wells Fargo moved to supplement the record with a copy of the arbitration award, *see* FED. R. APP. P. 10(e)(2), after Roberts's initial brief identified its absence as a ground for reversible error. Wells Fargo argues that the parties and the district court relied on the award despite its accidental omission from the record. Alternatively, Wells Fargo asks us to exercise our inherent authority to supplement the record or to take judicial notice of the

award as a public record. Roberts did not respond. We carried the motion with the case.

## II. STANDARDS OF REVIEW

The same standards apply to orders confirming an arbitration award and those denying a motion to vacate. *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010). We review legal conclusions *de novo* and factual findings for clear error. *Id.*

## III. DISCUSSION

We grant Wells Fargo's motion to supplement. "If anything material to either party is omitted from . . . the record by error or accident, the omission . . . may be corrected and a supplemental record may be certified . . . by the court of appeals." FED. R. APP. P. 10(e)(2). We will supplement a record when a party omits a document by oversight, not by tactical decision. *See, e.g.*, *Ross v. Kemp*, 785 F.2d 1467, 1471 (11th Cir. 1986). In this case, the record confirms that the parties and the district court proceeded under the reasonable—though mistaken—belief that Wells Fargo filed a copy of the arbitration award. The petition incorporated the award by reference, Roberts admitted that Wells Fargo attached it, and both parties relied on its terms in the pleadings related to Roberts's motion to vacate the award. The district court made findings based on those pleadings. The record confirms that the omission was accidental. *See McDaniel v. Travelers Ins. Co.*, 494 F.2d 1189 (11th Cir. 1974). Any clerical defect was harmless and must be disregarded, as it did not affect his substantial rights. *See* 28 U.S.C. § 2111.

Review of arbitration decisions is "among the narrowest known to the law." *Warrior Met Coal Mining, LLC v. United Mine Workers of Am.*, 28 F.4th 1073, 1078 (11th Cir. 2022) (citation and internal quotation marks omitted). Vacatur is permitted "only in very unusual circumstances," *Gherardi v. Citigroup Glob. Mkts. Inc.*, 975 F.3d 1232, 1236 (11th Cir. 2020) (citation and internal quotation marks omitted), such as when an arbitrator "exceeded [his] powers," 9 U.S.C. § 10(a)(4). Review under section 10(a)(4) is "quasi-jurisdictional: a check to make sure that the arbitration agreement granted the arbitrator authority to reach the issues it resolved." *Gherardi*, 975 F.3d at 1238.

The arbitrator had the authority to resolve the dispute. The promissory notes underlying the loans granted him the power to resolve "any controversy arising out of, or in connection with the validity, enforcement or construction of" the notes. Roberts argues that the arbitrator exceeded his powers by rejecting Roberts's defense of res judicata. Yet, res judicata is "for the arbitrator to decide in the first instance." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1109 (11th Cir. 2004). And the arbitrator's rejection of Roberts's defense cannot serve as a basis for vacatur. "Our sole question under [section] 10(a)(4) . . . is whether the arbitrator (even arguably) interpreted the parties' contract, not whether []he got its meaning right or wrong." *Gherardi*, 975 F.3d at 1238 (citation and internal quotation marks omitted). Although this result may be a "tough pill to swallow," *id.* at 1237, because the arbitrator had the power to resolve the controversy, our judicial inquiry "must end," *Warrior Met Coal Mining*, 28 F.4th at 1078.

Nevertheless, our review suggests that the amount stated in the judgment is inconsistent with the award. Accordingly, we vacate the judgment in part and remand for the district court to determine the correct amount of the judgment based on the arbitration award as supplemented in the record.

## IV. CONCLUSION

We **GRANT** Wells Fargo's motion to supplement, **AFFIRM** in part the order granting Wells Fargo's petition, **VACATE** in part the judgment, and **REMAND** with instructions to enter a judgment in favor of Wells Fargo that reflects the amount of the arbitration award as supplemented in the record.